### CITY COUNCIL OF CHARLESTON *v.* WELLER.

1. CASE CRITICISED—CITY COURT.—It necessarily follows from the decision in City of Charleston *v.* Ashley Phosphate Company (33 S. C., 25), that the City Court of Charleston is an inferior court.

2. CITY COURT—APPEALS—STATUTORY CONSTRUCTION.—Section 2134, General Statutes, provides that all parties to causes in the City Court of Charleston "shall have the same right of appeal to the Supreme Court from the decisions of the said City Court, in the same form which is now or may be lawful for parties in the Circuit Courts in like cases, and the Supreme Court shall hear and determine such appeals in the same manner as appeals from the Circuit Court of Charleston County." Section 358 of the Code of Procedure provides that "when a judgment is rendered by a trial justice's court, by the county commissioners or any other inferior court or jurisdiction, save the Probate

Court heretofore provided for in this Code of Procedure, the appeal shall be to the Circuit Court of the County wherein the judgment was rendered." The Code of Procedure is a part of the General Statutes. *Held*, that these two provisions being part of the same statute must be construed together, and so that the two provisions shall have full force and effect if possible. So construed, the particular intention declared in this section of General Statutes is an exception to the general rule laid down in the Code, and therefore appeals from the City Court of Charleston must be taken to the Supreme Court.

3. SUPREME COURT.—The right of appeal to the Supreme Court being given by this section, and that court invested with power to hear and determine such appeals, it matters not if such right is omitted from section 11 of the Code, which declares the cases in which appeals may be taken to the Supreme Court.

4. CITY COURT—APPEALS.—The right of appeal to the Supreme Court from the City Court is exclusive, and no appeal lies in such case to the Circuit Court.

Before IZLAR, J., Charleston, November, 1890.

This action by the City Council of Charleston against J. C. H. Weller was commenced in the City Court of Charleston, and resulted in a judgment in favor of plaintiff. An appeal from said judgment was taken to the Court of Common Pleas, and the appeal was placed on calendar 2 for a hearing. Plaintiff contending that an appeal from the City Court was direct to the Supreme Court, and not to the Court of Common Pleas, made a motion before his honor, Judge Izlar, to strike the cause from the calendar, on the ground that the Court of Common Pleas had no jurisdiction to determine said appeal. Upon hearing argument of counsel both for and against the motion, Judge Izlar made the following order :

The plaintiff having moved that this case be stricken from the docket, upon the ground that it is an appeal from the City Court of Charleston, and should be to the Supreme Court, as provided in section 2134 of the General Statutes, after hearing argument of counsel, it is ordered, adjudged, and decreed, that the motion be granted, and the case be stricken from the docket.

The defendant appealed on the following grounds : I. That his honor erred in granting the motion, it appearing that this cause was an appeal in due form of law from a judgment of the

City Court of the city of Charleston to the said Court of Common Pleas.    II. That his honor erred in holding that an appeal from a judgment of said City Court, an inferior court, lay direct to the Supreme Court.    III. That his honor erred in holding that an appeal from a judgment in said City Court did not lie to the Common Pleas Court.

*Messrs. Trenholm & Rhett*, for appellant.

*Mr. Charles Inglesby*, contra.

September 12, 1891.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    The sole question presented by this record is, whether in a case heard by the City Court of Charleston the appeal is to the Circuit Court of the County of Charleston, or to the Supreme Court.

Section 2134, found in chapter 81 of the General Statutes, entitled "Of the City Court of Charleston," provides as follows : "All parties shall have the same right of appeal to the Supreme Court from the decisions of the said City Court, in the same form which is now or may be lawful for parties in the Circuit Courts in like cases, and the Supreme Court shall hear and determine such appeals in the same manner as appeals from the Circuit Court of Charleston County."    Under that section, expressly giving to all parties in the City Court the right of appeal to the Supreme Court, and requiring that court to hear and determine such appeal in imperative terms—"*shall* hear and determine such appeals"—and placing appeals from the City Court in all respects upon the same footing as appeals from the Circuit Court, there could be no possible doubt as to the proper response to the question above stated, if there were nothing more.

But it is contended by the appellant that since it has been determined in the case of *City of Charleston* v. *Ashley Phosphate Company* (33 S. C., 25), that the City Court has no jurisdiction in cases involving more than one hundred dollars, it must be regarded as one of the inferior courts which the general assembly is authorized to establish by sec. 1 of art. IV. of the Consti-

tution ; and being an inferior court, an appeal from its decision must be to the Circuit Court of the county wherein it is rendered, under the provisions of section 358 of the Code of Procedure. The decision in the case referred to was based upon the ground that the Constitution, in sec. 15 of art. IV., having conferred on the Court of Common Pleas *exclusive* jurisdiction in all civil cases "which shall not be cognizable before justices of the peace," and the jurisdiction of such justices being limited by section 22 of the same article to cases "where the amount claimed does not exceed one hundred dollars," the general assembly would not have the power to confer upon the City Court jurisdiction of any civil case where the amount claimed exceeded one hundred dollars, as that would conflict with the *exclusive* jurisdiction conferred by the constitution on the Court of Common Pleas in such cases. So that the necessary conclusion was that the general assembly in conferring upon the City Court jurisdiction for the trial of causes arising under the ordinances of the city council, intended to confer such jurisdiction only in cases where the amount claimed did not exceed one hundred dollars. While, therefore, the City Court of Charleston was not declared *in terms* by that case to be an inferior court, yet we think that such is the necessary inference from that decision.

Assuming, then, that the City Court is an inferior court, the precise question here presented is, whether the right of appeal to the Supreme Court from the decisions of the City Court, expressly conferred by section 2134, above quoted, is abrogated by the more general provisions contained in section 358 of the Code, which, so far as this question is concerned, reads as follows : "When a judgment is rendered by a trial justice's court, by the county commissioners, or any other inferior court or jurisdiction, save the Probate Court heretofore provided for in this Code of Procedure, the appeal shall be to the Circuit Court of the county wherein the judgment was rendered." Upon this section it is first to be remarked that the saving clause in reference to the Probate Court was manifestly not intended to except that court from the list of those courts or jurisdictions from whose decisions appeals should be to the Circuit Court ; for in preceding sections of the Code, dealing specially with the Pro-

bate Court, express provision had been made for appeals from that court to the Circuit Court. That saving clause was doubtless designed simply to except appeals from the Probate Court to the operation of the regulations as to appeals from inferior courts generally in respect to the time within which they must be taken, and other like details. It is next to be observed that the provisions of this section, while specially designating the trial justice's court and the county commissioners, are general as to the other courts and jurisdictions referred to, under which alone could the City Court be placed, if referred to at all. But, on the other hand, the provisions of section 2134 of the General Statutes relate only to a single tribunal specifically designated by name.

It is understood that the General Statutes of 1882, embracing the Code of Procedure, constituted a single act, all of which was passed at the same time, and it is claimed, whether correctly or not we are not informed, that section 358 of the Code is in a subsequent portion of the general act to that in which section 2134 above referred to is found, and is therefore the latest expression of the legislative will. Assuming this to be so for the purposes of the present discussion, the question is presented whether these two apparently conflicting provisions in the same act can be reconciled? If so, how? And if not, which is to control? It is very obvious that if the view advocated by the appellant shall prevail, then the provisions of section 2134 of the General Statutes will become absolutely nugatory. No court will readily adopt the conclusion that the legislature has deliberately inserted in a statute a provision which becomes utterly useless and unmeaning because of an inconsistency with some subsequent provision in the same statute. On the contrary, the well settled rule is that in construing an act, it must be considered as a whole and such a construction must be adopted, if possible, as will give full force and effect to each one of its provisions. If they are apparently inconsistent with each other, such inconsistency must, if possible, be reconciled, in order to give full force and effect to the legislative will as expressed by the words they have used.

So that the practical question here is, whether it is possible to reconcile the particular intention, explicitly declared in section

2134 of securing the right of appeal to the Supreme Court from the decisions of the City Court of Charleston, with the general intention dec'ared in equally explicit terms in section 358 of the Code, that all appeals from inferior courts (to which class, as we have seen, the City Court belongs) shall be heard by the Circuit Court. It seems to us this can be, and ought to be, done in order to avoid imputing to the legislature an intention of inserting in an act a perfectly useless and nugatory provision, by reading the particular provision as an exception to the general provision; that while as a general rule in appeals from the decisions of an inferior court the appeal is to the Circuit Court, yet the City Court constitutes an exception, and an appeal from that court is to be heard and determined by the Supreme Court.

This mode of construction has been approved and resorted to in at least two cases in this State involving the construction of two apparently inconsistent provisions in the constitution—*State* v. *Shaw* (9 S. C., 94), and *State ex rel. Woodsides* v. *McDaniel* (19 *Id.*, 114), where in the former the special provision requiring Circuit Judges to be elected by ballot, was read as an exception to the general provision that in all elections by the general assembly the members shall vote *viva voce ;* and in the latter the provision of sec. 3 of art. V., requiring a revision and arrangement of the statutes was held to constitute an exception to the general provision contained in sec. 20 of art. II., requiring that every act or joint resolution shall relate to but one subject, which shall be expressed in the title. So in *Ex parte Turner* (24 S. C., 214), the same mode was resorted to for the purpose of reconciling two apparently inconsistent provisions in the General Statutes of 1882. See also Endlich on the Interpretation of Statutes, section 215, where it is said : "If there are two acts or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also ; and, if reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general pro-

vision." This language is directly apposite to the case in hand and fully supports the view which we have adopted.

It is contended, however, that the Supreme Court has never been invested with jurisdiction to hear appeals from the judgments of the City Court, and section 11 of the Code is cited to show that such appeals are not embraced within those mentioned in that section. Granting this to be so, there can be no doubt that under the provision of section 2134 such jurisdiction is not only expressly conferred upon the Supreme Court, but it is imperatively required to exercise such jurisdiction—"*shall* hear and determine such appeals."

Again, it is urged that the provision for appeals to the Supreme Court in section 2134 from the decisions of the City Court is permissive only : "All parties shall have the same *right* of appeal," &c., while the provision in section 358 of the Code is imperative—"the appeal *shall* be to the Circuit Court," &c., and from this it is argued that the losing party to a case in the City Court may appeal either to the Circuit Court or Supreme Court as he may prefer, and hence that for this reason, if for no other, the Circuit Judge erred in dismissing this case for want of jurisdiction to hear this appeal. We cannot adopt such a view. We cannot think that there is anything in either of the sections which warrants the idea that the legislature intended to give to a party to a cause in the City Court the right to select the tribunal to which his appeal should be addressed. On the contrary, we are of opinion that the proper construction of the statute is that the only right of appeal secured to a party to a cause in the City Court was a right to appeal to the Supreme Court, and there was no error on the part of the Circuit Judge in declining to hear this appeal for want of jurisdiction.

The judgment of this court is, that the judgment or order of the Circuit Court be affirmed.

MR. JUSTICE MCGOWAN. I concur in the result upon the ground that the law expressly gives the appeal to the Supreme Court.